By the Court, Jones, J.
The defendant’s negligence is claimed to consist of two things—not having the horses properly attached to the car, and not having the reins fastened together at the end.
It may be conceded that there is, ordinarily, no.negligence in driving a pair of horses through the street without being attached to a vehicle, and also that horses are attached to a vehicle for the purpose of drawing it, and not to prevent them from running away; but this does not absolve one who attaches horses to a vehicle and drives them in the public street from all duty to the public, in respect of sneh attachment. On the contrary he is bound to exercise that *248 care, caution and foresight in making the attachment which a careful and prudent man would exercise with the view of providing against the horses being frightened by any breakage. Under this rule he would owe it to the public to see that the horses are so attached as that in the ordinary use of the vehicle, considering the dispositions of the horses attached, it would not, through any patent defect or inadequacy in the attachment itself, irritate the horses and cause them to become unmanageable, run away and produce injury.
To illustrate my meaning. Take a single horse and wagon. If the back straps, thills, or either have patent defects or are not adequate to the ordinary use of the wagon, and by means thereof either of them breaks and hits the wagon or the haunches of the horse; or if the bolt which attaches the whiffletrees to the wagon, for similar reasons breaks, letting the whiffletree fall on the heels of the horses ; or the whiffletree itself for similar reasons breaks, letting the pieces fall dangling about the horse; and the horse, in either of these cases becomes frightened and runs away, doing injury, the owner would be liable for that injury. The same result would follow if the horse, being frightened by a stranger, and whipped or frightened, yet not being unmanageable, breaks such defective back straps, thills, bolt or whiffltree and is thereby rendered unmanageble and causes an injury. For in that case his unmanageableness is attributed not t'o the original fright, but to a fright caused by such defect or inadequacy. If, however, the horse, on being frightened by a stranger, thereby becomes unmanageable and gets away and does injury, the owner is not liable, even though it may be afterwards discovered that there was some apparent defect or inadequacy in the attachment of the horse to the wagon; since in such case it is evident that the defect or inadequacy did not contribute to the unmanageableness.
It may often be a difficult matter to determine what has caused the unmanageableness of a horse, but if any part *249 of the attachment should be thus defective or inadequate, and should have been broken, that defect or inadequacy will be deemed to have contributed to. the unmanageableness, unless it is clearly apparent that it could not.
I But, on the other hand, if the back straps, thills, bolt or whiffletree are, neither apparently defective nor inadequate to the ordinary use of a vehicle, then, although a horse may, in consequence of some fright, break them and get away, the owner cannot be made liable, even though such breakage contribute to render him unmanageable, on the ground that if they had been stronger, the horse would not have broken them. For the owner is only bound to have attachments without -patent defects, and adequate to the ordinary use of his vehicle and the disposition of-the horse he uses. He is not bound, as the carrier of passengers is, to use all the means which human skill, ságacity or foresight can suggest to guard against accidents.
One of the theories on which this case was tried was, that there was another kind of attachment which, if it had been employed, the horses could not have kicked loose, and that there was negligence in not using it. Thus we have the question asked by the plaintiff’s counsel, “ Look at this plan of fastening horses to a railroad car with a pin, and say if the whiffletree or pole had been fastened in that manner could they have broken loose from the car?” The question was objected to as irrelevant, the objection was overruled, and an exception taken. The witness answered, “ They could not.” We cannot say but that it may have been on this testimony, alone, that the jury found the defendants to have been negligent. If then, it was improperly admitted, there should be a new trial.
Under the above principles, the evidence was improper. The defendants were not bound to adopt a particular attachment for the purpose of meeting an unforeseen, unanticipated, extraordinary occurrence. The question is not whether a particular attachment, if used, would have prevented the accident, but whether the attachment that was *250 used was without apparent defect and adequate in the ordinary use of the vehicle, considering the dispositions of the horses used, to prevent it from pressing on their haunches, and the whiffletree from getting loose and falling about the horses’ heels and legs, and thereby frightening and rendering the horses unmanageable.
It is true the learned judge did not charge the jury, in terms, that if there was another attachment which would have prevented the horses from getting away, it was negligence on the part of the defendants not to have used it.. But he charged them to consider all the testimony as to the character of the attachment and say if it was such as a careful and prudent person would employ; and that if, on all the testimony, they came to the conclusion that there was negligence on the part of the defendants, and the plaintiff was injured without any contributing negligence on her part, then to find a verdict for the plaintiff.
A part of the evidence was this which was admitted under objection, viz: that there was another kind of attachment which would have prevented the horses from getting loose. What effect this may have had in leading the minds of the . jury to the conclusion that the attachment used was not such as the defendants should have used, it is impossible to say. This verdict may have been based wholly on this piece of testimony. However this may be, as we cannot say that the evidence could not possibly have affected the verdict, its admission makes a new trial necessary.
Order affirmed, with costs to the respondent.